### MILLER v. WEINSTEIN.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

LANDLORD AND TENANT (§ 184*)—ACTIONS FOR DEPOSIT—SUFFICIENCY OF EVIDENCE.

Evidence in an action by a tenant for the return of a deposit made as security under the lease *held* not to sustain a finding for plaintiff.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Jacob Miller against Morris Weinstein. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

David Weinstein, of New York City, for appellant.
Louis Levene, of New York City, for respondent.

BIJUR, J.  Plaintiff sues for the return of $125, deposited by him with defendant, as landlord, as security under a lease.  The controversy centers about the December, 1912, rent.  When plaintiff failed to pay it, the landlord instituted summary proceedings, and when the marshal appeared with a final order, plaintiff's counsel gave him a check, not of the plaintiff, but of a Mrs. Rabow, for the amount.  This Mrs. Rabow, however, who was also a client of plaintiff's counsel, had, in the meantime, made a lease of the same premises from defendant dated January 4, 1913.

The landlord defendant claims that this check of hers was for the January rent under her lease, and that a further check of $125, received from her in January, was the deposit of the security called for by the terms of her lease.  The controversy on this question of fact was sharp.  Plaintiff's attorney was plaintiff's only witness.  He had served on the landlord defendant a notice to produce the lease with Mrs. Rabow, claiming that there was no clause in that lease providing for the deposit of security thereunder.  On the landlord's production of his copy of the paper, however, it appeared that there was such a clause.

On the record as it stands, it is manifest that plaintiff has not sustained the burden of proof, and that testimony thoroughly available to him, from which the actual facts might readily be gleaned, was not produced.  The copy of the lease in Mrs. Rabow's possession and the books containing entries of defendant's receipts at that time are available, and plaintiff does not make any explanation of his failure to produce the same, nor show any endeavor to obtain them.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.